**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI**

| | | |
|---|---|---|
| **LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 265,** | * | Case No. 1:18-cv-210 |
| | * | |
| *Plaintiff,* | * | |
| vs. | * | |
| **O'ROURKE HEAVY HIGHWAY, INC. D/B/A O'ROURKE SPECIALTY CONTRACTING AND O'ROURKE WRECKING COMPANY,** | * | **COMPLAINT** |
| | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

**JURISDICTION**

1. Jurisdiction is conferred on this Court by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 and 28 U.S.C. §§ 1331, 1367, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**PARTIES & VENUE**

2. Defendant O'Rourke Heavy Highway, Inc. ("OHH") was, at all times relevant, a corporation incorporated under the laws of the State of Ohio, doing business as O'Rourke Specialty Contracting and maintaining its principal place of business in Hamilton County, Ohio.

3. Defendant O'Rourke Wrecking Company ("OWC") was, at all times relevant, a corporation incorporated under the laws of the State of Ohio, maintaining its principal place of business in Hamilton County, Ohio.

4. Each Defendant is an "employer" as that term is defined under Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), as incorporated into the LMRA by 29 U.S.C. § 142(3).

5. Each Defendant has received in excess of $50,000.00 in gross revenue from services performed in at least 2 different states, and each Defendant purchases goods or services from locations outside the State of Ohio in excess of $50,000.00.

6. Plaintiff Laborers' International Union of North America, Local 265 ("Local 265") is a labor organization affiliated with the Laborers' International Union of North America, maintaining its principal place of business in Cincinnati, Ohio.

7. Plaintiff is a "labor organization" as that phrase is defined under Section 2(2) of the NLRA, 29 U.S.C. § 152(5), as incorporated into the LMRA by 29 U.S.C. § 142(3).

8. Each Defendant, using the same personnel, policies, equipment, materials, and vehicles, provides demolition services to customers in the greater Cincinnati area.

9. Defendant OHH has performed demolition services in the greater Cincinnati area for approximately twenty years.

10. Defendant OHH's demolition work was performed pursuant to written collective bargaining agreements ("CBAs") with, among other unions, Local 265.

11. Defendant OWC has also performed demolition work in the greater Cincinnati area for about fifty years.

12. Although Defendant OWC has not *signed* CBAs with Plaintiff Local 265, Defendant OWC is bound to the terms and conditions of the CBAs between Defendant OHH and Plaintiff Local

265 by virtue of Defendant OWC's status as a single and/or joint employer with Defendant OHH.

13. Venue is proper in this District and Division because both Defendants maintain their principal places of business within Hamilton County, Ohio.

## FACTUAL BACKGROUND

14. Plaintiff and Defendant OHH, during all relevant time periods, were bound to collective bargaining agreements ("CBAs") covering, among other things, demolition work in the greater Cincinnati area.

15. Copies of the CBAs are not attached because they are voluminous and all parties have immediate access to copies of them.

16. Pursuant to the terms of the CBAs, Defendant OHH adopted and accepted the terms and conditions of employment of laborers, including but not limited to laborers' wages, hours, and working terms and conditions related to demolition work.

17. The CBAs obligated Defendant OHH to pay its laborers certain wages, make fringe benefit contributions on their behalf, submit to audits, abide by certain worker ratios, and deduct union and working dues from its laborers' wages, pursuant to voluntarily executed employee wage deduction authorizations.

18. At all times relevant, Defendant OWC has been a single employer or joint employer, or both, with Defendant OHH and, as such, both Defendants are bound to the CBAs.

19. Due to Defendant OWC's status as a single employer or joint employer, or both, with Defendant OHH, both Defendants are jointly and severally liable for violations of the CBAs.

20. Defendant OWC and Defendant OHH's operations are functionally integrated.

21. Defendant OWC and Defendant OHH's labor relations are centrally controlled.

22. Defendant OWC and Defendant OHH have common management personnel.

23. Defendant OWC and Defendant OHH have common ownership.

24. Defendant OWC and Defendant OHH share and codetermine matters governing essential terms and conditions of employment and share a common business purpose, albeit one's laborers are union members (i.e., OHH) and one's laborers are not union members (i.e., OWC).

25. For instance, Defendants' website http://orourkewrecking.com/ advertises jobs performed by both Defendants.

26. Both Defendants OWC and OHH operate out of the same main and satellite addresses with the some or all of the same personnel, equipment, and materials.

27. In the past, Defendant OHH has claimed to have different satellite offices than OWC throughout the greater Cincinnati area, each of which is a sham.

28. The owners of both OWC and OHH are the same, substantially similar, or share a close familial relationship.

29. Laborers from both Defendants OWC and OHH are assigned to work on the same jobs for the same customers performing the same work with the same materials, equipment, and vehicles and directed by the same foremen.

30. Both Defendants OWC and OHH provide demolition services in the same geographic areas.

31. Both Defendants OWC and OHH share customers.

4

32. Both Defendants OWC and OHH comingle their laborers to complete jobs for their customers.

33. Union laborers paid by Defendant OHH work together on jobs with non-union laborers paid by Defendant OWC, and they perform the same exact work.

34. Both Defendants OWC and OHH have manifested their intent to completely repudiate the CBAs by including but not limited to:

 a. failing to abide by manpower and local-workforce ratios;

 b. failing to pay proper wages, including overtime and premium wages;

 c. failing to pay fringe benefits;

 d. failing to deduct and remit initiations, dues, and assessments;

 e. failing to abide by the union security clause; and

 f. other violations of the CBAs as determined through discovery.

## COUNT I: DECLARATORY JUDGMENT

35. Plaintiff Local 265 incorporates the statements and allegations contained in the preceding paragraphs as if fully re-written herein.

36. Plaintiff Local 265 will be injured if Defendants OWC and OHH continue to violate the CBAs.

37. Defendants OWC and OHH's failure to comply with the CBAs in connection with all covered work constitutes a complete repudiation of the CBAs and will cause imminent injury to Plaintiff in the form of non-employment of Plaintiff's members pursuant to a union security clause, manpower ratios, and local-workforce ratios; nonpayment of contractual wages to bargaining-unit members; nonpayment of fringe benefits contributions on behalf of

bargaining-unit members; and nonpayment of initiation fees, working dues deductions, and assessments due and owing to Plaintiff.

38. The Court can redress Plaintiff's injuries by declaring that both Defendants OWC and OHH are employers bound by the CBAs, under the single employer doctrine, joint employer doctrine, or both.

### COUNT II: DAMAGES FOR BREACH OF LABOR CONTRACTS

39. Plaintiff Local 265 incorporates the statements and allegations contained in the preceding paragraphs as if fully re-written herein.

40. Although both Defendants OWC and OHH are bound to the CBAs, they have not complied with the CBAs in connection with all covered work.

41. Plaintiff has complied with all conditions of the CBAs.

42. Plaintiff, as well as its members, have been injured due to Defendants OWC and OHH's failure to comply with the CBAs in connection with all covered work.

43. Plaintiff, as well as its members, request monetary damages for unpaid wages, fringes, and unpaid initiation fees, dues deductions, and assessments as a result of Defendants OWC and OHH—as single employers, joint employers, or both—completely repudiating the CBAs.

### ALTERNATIVE COUNT III: SPECIFIC PERFORMANCE AND ACTION TO COMPEL ARBITRATION

44. Plaintiff Local 265 incorporates the statements and allegations contained in the preceding paragraphs as if fully re-written herein.

45. Although Defendants OWC and OHH—as single employers, joint employers, or both—are bound to the CBAs, they have failed to comply with the CBAs in connection with all covered work.

46. Plaintiff requests the Court to order Defendants OWC and OHH—as single employers, joint employers, or both—to specifically perform under the terms of the CBAs, including remedying all contractual violations through the grievance and arbitration process.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter an order as follows:

a. Issuing a declaratory judgment finding that Defendants OWC and OHH are single employers, joint employers, or both;

b. Issuing a declaratory judgment compelling Defendants OWC and OHH—as single employers, joint employers, or both—to comply with the CBAs;

c. Requiring Defendants OWC and OHH—as single employers, joint employers, or both—to pay damages to Plaintiff, including the costs of this action and reasonable attorneys' fees due to Defendants' bad faith or, alternatively, compelling Defendants OWC and OHH—as single employers, joint employers, or both—to arbitrate contractual violations as stated in this or any subsequent pleading; and

d. For such other legal or equitable relief this Court may deem just and proper under the circumstances.

Respectfully submitted,

MANGANO LAW OFFICES CO., LPA

s/Ryan K. Hymore
Basil W. Mangano (0066827) [Trial Attorney]
2460 Fairmount Boulevard, Suite 225
Cleveland, Ohio 44106
T: (216) 397-5844
F: (216) 397-5845
bmangano@bmanganolaw.com

- and –
Ryan K. Hymore (0080750)
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiff*